**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

<u>Eastern</u> District of <u>New York</u>
<span style="padding-left:2em">(State)</span>

Case number (*If known*): _____ Chapter <u>11</u>

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, Instructions for Bankruptcy Forms for Non-Individuals, is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | **New York Network Management, L.L.C.** |

| | | |
|---|---|---|
| **2.** | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | <u>d/b/a NYNM</u> |

| | | |
|---|---|---|
| **3.** | **Debtor's federal Employer Identification Number (EIN)** | <u>1 1</u> - <u>3 3 4 7 1 6 8</u> |

**4. Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| <u>1st Floor 9201 4th Ave.</u><br>Number    Street | <u>1715 Route 35 North, Suite 303</u><br>Number    Street |
| | P.O. Box |
| <u>Brooklyn</u>          <u>NY</u>      <u>11209</u><br>City                    State      Zip Code | <u>Middletown</u>          <u>NJ</u>      <u>07748</u><br>City                    State      Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| <u>Kings</u><br>County | Number    Street |
| | City                    State      Zip Code |

| | | |
|---|---|---|
| **5.** | **Debtor's website (URL)** | **www.nynmonline.com** |

| | | |
|---|---|---|
| **6.** | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor    **New York Network Management, L.L.C.**    Case number *(if known)* _____
               Name

---

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.  See
    http://www.uscourts.gov/four-digit-national-association-naics-codes.

    <u>5 5 1 1</u>

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.  District _____  When _____  Case number _____
                                              MM / DD / YYYY

                   District _____  When _____  Case number _____
                                              MM / DD / YYYY

---

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases.  If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor <u>See Rider 1</u>                    Relationship _____

             District _____  When _____
                                                        MM / DD / YYYY

             Case number, if known _____

---

| Debtor | New York Network Management, L.L.C. | Case number (if known) |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this district*?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No    [See Rider 2]

☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number        Street

_____

_____
City                        State        ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

## Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

**15. Estimated assets (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☒ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| Debtor | **New York Network Management, L.L.C.** | Case number (*if known*) _____ |
|---|---|---|
| | Name | |

---

**16. Estimated liabilities**
**(on a consolidated basis)**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

## ▮ Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ▪ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- ▪ I have been authorized to file this petition on behalf of the debtor.

- ▪ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>07/05/2018</u>
MM / DD / YYYY

× <u>/s/ Timothy J. Dragelin</u>                          Timothy J. Dragelin
   Signature of authorized representative of debtor      Printed name

Title: <u>Chief Restructuring Officer</u>

**18. Signature of attorney**

✖ <u>/s/ Thomas R. Califano</u>                Date <u>07/05/2018</u>
   Signature of attorney for debtor                 MM / DD / YYYY

**Thomas R. Califano**
Printed name

<u>DLA Piper LLP (US)</u>
Firm name

<u>1251 Avenue of the Americas</u>
Number Street

| <u>New York</u> | <u>NY</u> | <u>10020-1104</u> |
|---|---|---|
| City | State | ZIP Code |

| <u>(212) 335-4500</u> | <u>thomas.califano@dlapiper.com</u> |
|---|---|
| Contact phone | Email address |

| <u>2286144</u> | <u>NY</u> |
|---|---|
| Bar number | State |

---

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------ x
In re:                                          :
                                                :  Chapter 11
NEW YORK NETWORK MANAGEMENT, L.L.C., :
                                                :  Case No. 18-_____ (___)
                 Debtor.                        :
------------------------------------------------------------ x
```

**Rider 1**

**Pending Bankruptcy Cases Filed by the Debtor and Its Affiliates**

On March 16, 2018, each of the entities listed below (collectively, the "Debtors") filed a voluntary petition in the United States Bankruptcy Court for the Eastern District of New York for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors and New York Network Management, L.L.C. are affiliates within the meaning of section 101(2) of the Bankruptcy Code and have moved for joint administration of their cases under the *In re Orion Healthcorp, Inc., et al.*, Case No. 18-71748 (AST).

1. Orion HealthCorp, Inc.
2. Constellation Healthcare Technologies, Inc.
3. NEMS Acquisition, LLC
4. Northeast Medical Solutions, LLC
5. NEMS West Virginia, LLC
6. Physicians Practice Plus, LLC
7. Physicians Practice Plus Holdings, LLC
8. Medical Billing Services, Inc.
9. Rand Medical Billing, Inc.
10. RMI Physician Services Corporation
11. Western Skies Practice Management, Inc.
12. Integrated Physician Solutions, Inc.
13. NYNM Acquisition, LLC
14. Northstar FHA, LLC
15. Northstar First Health, LLC
16. Vachette Business Services, Ltd.
17. MDRX Medical Billing, LLC
18. VEGA Medical Professionals, LLC
19. Allegiance Consulting Associates, LLC
20. Allegiance Billing & Consulting, LLC
21. Phoenix Health, LLC

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

In re:                                                          :
                                                                : Chapter 11
NEW YORK NETWORK MANAGEMENT, L.L.C., :
                                                                : Case No. 18-_____ (___)
                         Debtor.                               :
------------------------------------------------------------- x

**Rider 2**

**<u>Real Property or Personal Property that Needs Immediate Attention</u>**

Question 12, among other things, asks the debtor to identify any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

The above-captioned debtor (the "<u>Debtor</u>") does not believe it owns or possesses any real or personal property that (i) poses a threat of imminent and identifiable hazard to public health or safety, (ii) needs to be physically secured or protected from the weather, or (iii) includes perishable goods or assets that could quickly deteriorate.  The Debtor notes that it is not aware of the exact definition of "imminent and identifiable hazard" as used in this form.

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK
## www.nyeb.uscourts.gov

## STATEMENT PURSUANT TO LOCAL
## BANKRUPTCY RULE 1073-2(b)

**DEBTOR(S)**:  New York Network Management, L.L.C.                              **CASE NO.**: 18-___ (AST)

Pursuant to Local Bankruptcy Rule 1073-2(b), the debtor (or any other petitioner) hereby makes the following disclosure concerning Related Cases, to the petitioner's best knowledge, information and belief:

**[NOTE:** Cases shall be deemed "Related Cases" for purposes of E.D.N.Y. LBR 1073-1 and E.D.N.Y. LBR 1073-2 if the earlier case was pending at any time within eight years before the filing of the new petition, and the debtors in such cases: (i) are the same; (ii) are spouses or ex-spouses; (iii) are affiliates, as defined in 11 U.S.C. § 101(2); (iv) are general partners in the same partnership; (v) are a partnership and one or more of its general partners; (vi) are partnerships which share one or more common general partners; or (vii) have, or within 180 days of the commencement of either of the Related Cases had, an interest in property that was or is included in the property of another estate under 11 U.S.C. § 541(a).**]**

☐ **NO RELATED CASE IS PENDING OR HAS BEEN PENDING AT ANY TIME.**

☒ **THE FOLLOWING RELATED CASE(S) IS PENDING OR HAS BEEN PENDING:**

**1. CASE NO.:**  18-71748 (AST)     **JUDGE:** Alan S. Trust               **DISTRICT/DIVISION:** Eastern District of New York / Central Islip

**CASE STILL PENDING: (YES/NO):** Yes      *[If closed]* **Date of closing:** _____

**CURRENT STATUS OF RELATED CASE:** Pending
                                    **(Discharged/awaiting discharge, confirmed, dismissed, etc.)**

**MANNER IN WHICH CASES ARE RELATED** *(Refer to NOTE above)*: Affiliate

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES:** None.

**2. CASE NO.:**  18-71749 (AST)     **JUDGE:** Alan S. Trust               **DISTRICT/DIVISION:** Eastern District of New York / Central Islip

**CASE STILL PENDING: (YES/NO):** Yes      *[If closed]* **Date of closing:** _____

**CURRENT STATUS OF RELATED CASE:** Pending
                                    **(Discharged/awaiting discharge, confirmed, dismissed, etc.)**

**MANNER IN WHICH CASES ARE RELATED** *(Refer to NOTE above)*: Affiliate

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES:** None.

**[OVER]**

**DISCLOSURE OF RELATED CASES (cont'd)**

3.  **CASE NO.:** 18-71750 (AST)____    **JUDGE:** Alan S. Trust_____    **DISTRICT/DIVISION:** Eastern District of New York / Central Islip____

**CASE STILL PENDING: (YES/NO):** Yes_____    *[If closed]* Date of closing:_____

**CURRENT STATUS OF RELATED CASE:** Pending_____
                                   (Discharged/awaiting discharge, confirmed, dismissed, etc.)

**MANNER IN WHICH CASES ARE RELATED** (*Refer to NOTE above*): Affiliate_____

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES**: None._____


4.  **CASE NO.:** 18-71751 (AST)____    **JUDGE:** Alan S. Trust_____    **DISTRICT/DIVISION:** Eastern District of New York / Central Islip____

**CASE STILL PENDING: (YES/NO):** Yes_____    *[If closed]* Date of closing:_____

**CURRENT STATUS OF RELATED CASE:** Pending_____
                                   (Discharged/awaiting discharge, confirmed, dismissed, etc.)

**MANNER IN WHICH CASES ARE RELATED** (*Refer to NOTE above*): Affiliate_____

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES**: None._____


5.  **CASE NO.:** 18-71752 (AST)____    **JUDGE:** Alan S. Trust_____    **DISTRICT/DIVISION:** Eastern District of New York / Central Islip____

**CASE STILL PENDING: (YES/NO):** Yes_____    *[If closed]* Date of closing:_____

**CURRENT STATUS OF RELATED CASE:** Pending_____
                                   (Discharged/awaiting discharge, confirmed, dismissed, etc.)

**MANNER IN WHICH CASES ARE RELATED** (*Refer to NOTE above*): Affiliate_____

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES**: None._____


6.  **CASE NO.:** 18-71753 (AST)____    **JUDGE:** Alan S. Trust_____    **DISTRICT/DIVISION:** Eastern District of New York / Central Islip____

**CASE STILL PENDING: (YES/NO):** Yes_____    *[If closed]* Date of closing:_____

**CURRENT STATUS OF RELATED CASE:** Pending_____
                                   (Discharged/awaiting discharge, confirmed, dismissed, etc.)

**MANNER IN WHICH CASES ARE RELATED** (*Refer to NOTE above*): Affiliate_____

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES**: None._____


**[OVER]**

**7. CASE NO.:** 18-71754 (AST)    **JUDGE:** Alan S. Trust    **DISTRICT/DIVISION:** Eastern District of New York / Central Islip

**CASE STILL PENDING: (YES/NO):** Yes    *[If closed]* Date of closing:

**CURRENT STATUS OF RELATED CASE:** Pending
(Discharged/awaiting discharge, confirmed, dismissed, etc.)

**MANNER IN WHICH CASES ARE RELATED** *(Refer to NOTE above):* Affiliate

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES:** None.

---

**8. CASE NO.:** 18-71755 (AST)    **JUDGE:** Alan S. Trust    **DISTRICT/DIVISION:** Eastern District of New York / Central Islip

**CASE STILL PENDING: (YES/NO):** Yes    *[If closed]* Date of closing:

**CURRENT STATUS OF RELATED CASE:** Pending
(Discharged/awaiting discharge, confirmed, dismissed, etc.)

**MANNER IN WHICH CASES ARE RELATED** *(Refer to NOTE above):* Affiliate

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES:** None.

---

**9. CASE NO.:** 18-71756 (AST)    **JUDGE:** Alan S. Trust    **DISTRICT/DIVISION:** Eastern District of New York / Central Islip

**CASE STILL PENDING: (YES/NO):** Yes    *[If closed]* Date of closing:

**CURRENT STATUS OF RELATED CASE:** Pending
(Discharged/awaiting discharge, confirmed, dismissed, etc.)

**MANNER IN WHICH CASES ARE RELATED** *(Refer to NOTE above):* Affiliate

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES:** None.

---

**10. CASE NO.:** 18-71757 (AST)    **JUDGE:** Alan S. Trust    **DISTRICT/DIVISION:** Eastern District of New York / Central Islip

**CASE STILL PENDING: (YES/NO):** Yes    *[If closed]* Date of closing:

**CURRENT STATUS OF RELATED CASE:** Pending
(Discharged/awaiting discharge, confirmed, dismissed, etc.)

**MANNER IN WHICH CASES ARE RELATED** *(Refer to NOTE above):* Affiliate

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES:** None.

---

**[OVER]**

**11. CASE NO.:** 18-71758 (AST)    **JUDGE:** Alan S. Trust    **DISTRICT/DIVISION:** Eastern District of New York / Central Islip

**CASE STILL PENDING: (YES/NO):** Yes    *[If closed]* Date of closing:

**CURRENT STATUS OF RELATED CASE:** Pending
(Discharged/awaiting discharge, confirmed, dismissed, etc.)

**MANNER IN WHICH CASES ARE RELATED** *(Refer to NOTE above):* Affiliate

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES**: None.

---

**12. CASE NO.:** 18-71759 (AST)    **JUDGE:** Alan S. Trust    **DISTRICT/DIVISION:** Eastern District of New York / Central Islip

**CASE STILL PENDING: (YES/NO):** Yes    *[If closed]* Date of closing:

**CURRENT STATUS OF RELATED CASE:** Pending
(Discharged/awaiting discharge, confirmed, dismissed, etc.)

**MANNER IN WHICH CASES ARE RELATED** *(Refer to NOTE above):* Affiliate

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES**: None.

---

**13. CASE NO.:** 18-71760 (AST)    **JUDGE:** Alan S. Trust    **DISTRICT/DIVISION:** Eastern District of New York / Central Islip

**CASE STILL PENDING: (YES/NO):** Yes    *[If closed]* Date of closing:

**CURRENT STATUS OF RELATED CASE:** Pending
(Discharged/awaiting discharge, confirmed, dismissed, etc.)

**MANNER IN WHICH CASES ARE RELATED** *(Refer to NOTE above):* Affiliate

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES**: None.

---

**14. CASE NO.:** 18-71761 (AST)    **JUDGE:** Alan S. Trust    **DISTRICT/DIVISION:** Eastern District of New York / Central Islip

**CASE STILL PENDING: (YES/NO):** Yes    *[If closed]* Date of closing:

**CURRENT STATUS OF RELATED CASE:** Pending
(Discharged/awaiting discharge, confirmed, dismissed, etc.)

**MANNER IN WHICH CASES ARE RELATED** *(Refer to NOTE above):* Affiliate

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES**: None.

---

**[OVER]**

**15. CASE NO.:** 18-71762 (AST)    **JUDGE:** Alan S. Trust    **DISTRICT/DIVISION:** Eastern District of New York / Central Islip

**CASE STILL PENDING: (YES/NO):** Yes    *[If closed]* Date of closing:

**CURRENT STATUS OF RELATED CASE:** Pending
(Discharged/awaiting discharge, confirmed, dismissed, etc.)

**MANNER IN WHICH CASES ARE RELATED** *(Refer to NOTE above):* Affiliate

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES:** None.

---

**16. CASE NO.:** 18-71763 (AST)    **JUDGE:** Alan S. Trust    **DISTRICT/DIVISION:** Eastern District of New York / Central Islip

**CASE STILL PENDING: (YES/NO):** Yes    *[If closed]* Date of closing:

**CURRENT STATUS OF RELATED CASE:** Pending
(Discharged/awaiting discharge, confirmed, dismissed, etc.)

**MANNER IN WHICH CASES ARE RELATED** *(Refer to NOTE above):* Affiliate

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES:** None.

---

**17. CASE NO.:** 18-71764 (AST)    **JUDGE:** Alan S. Trust    **DISTRICT/DIVISION:** Eastern District of New York / Central Islip

**CASE STILL PENDING: (YES/NO):** Yes    *[If closed]* Date of closing:

**CURRENT STATUS OF RELATED CASE:** Pending
(Discharged/awaiting discharge, confirmed, dismissed, etc.)

**MANNER IN WHICH CASES ARE RELATED** *(Refer to NOTE above):* Affiliate

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES:** None.

---

**18. CASE NO.:** 18-71765 (AST)    **JUDGE:** Alan S. Trust    **DISTRICT/DIVISION:** Eastern District of New York / Central Islip

**CASE STILL PENDING: (YES/NO):** Yes    *[If closed]* Date of closing:

**CURRENT STATUS OF RELATED CASE:** Pending
(Discharged/awaiting discharge, confirmed, dismissed, etc.)

**MANNER IN WHICH CASES ARE RELATED** *(Refer to NOTE above):* Affiliate

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES:** None.

---

**[OVER]**

**19. CASE NO.:** 18-71766 (AST)    **JUDGE:** Alan S. Trust    **DISTRICT/DIVISION:** Eastern District of New York / Central Islip

**CASE STILL PENDING: (YES/NO):** Yes    *[If closed]* Date of closing:

**CURRENT STATUS OF RELATED CASE:** Pending
(Discharged/awaiting discharge, confirmed, dismissed, etc.)

**MANNER IN WHICH CASES ARE RELATED** (*Refer to NOTE above*): Affiliate

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES**: None.

---

**20. CASE NO.:** 18-71767 (AST)    **JUDGE:** Alan S. Trust    **DISTRICT/DIVISION:** Eastern District of New York / Central Islip

**CASE STILL PENDING: (YES/NO):** Yes    *[If closed]* Date of closing:

**CURRENT STATUS OF RELATED CASE:** Pending
(Discharged/awaiting discharge, confirmed, dismissed, etc.)

**MANNER IN WHICH CASES ARE RELATED** (*Refer to NOTE above*): Affiliate

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES**: None.

---

**21. CASE NO.:** 18-71789 (AST)    **JUDGE:** Alan S. Trust    **DISTRICT/DIVISION:** Eastern District of New York / Central Islip

**CASE STILL PENDING: (YES/NO):** Yes    *[If closed]* Date of closing:

**CURRENT STATUS OF RELATED CASE:** Pending
(Discharged/awaiting discharge, confirmed, dismissed, etc.)

**MANNER IN WHICH CASES ARE RELATED** (*Refer to NOTE above*): Affiliate

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES**: None.

---

**NOTE: Pursuant to 11 U.S.C. § 109(g), certain individuals who have had prior cases dismissed within the preceding 180 days may not be eligible to be debtors. Such an individual will be required to file a statement in support of his/her eligibility to file.**

**TO BE COMPLETED BY DEBTOR/PETITIONER'S ATTORNEY, AS APPLICABLE:**

**I am admitted to practice in the Eastern District of New York (Y/N):**    Y

**CERTIFICATION (to be signed by pro-se debtor/petitioner or debtor/petitioner's attorney, as applicable):**

**I certify under penalty of perjury that the within bankruptcy case is not related to any case now pending or pending at any time, except as indicated elsewhere on this form.**

/s/ Thomas R. Califano
**Signature of Debtor's Attorney**                              **Signature of Pro-se Debtor/Petitioner**

EAST\157465356.5

DLA Piper LLP (US)

1251 Avenue of the Americas

**Mailing Address of Debtor/Petitioner**

New York, New York 10020

**City, State, Zip Code**

thomas.califano@dlapiper.com

**Email Address**

212-335-4500

**Area Code and Telephone Number**

**Failure to fully and truthfully provide all information required by the E.D.N.Y. LBR 1073-2 Statement may subject the debtor or any other petitioner and their attorney to appropriate sanctions, including without limitation conversion, the appointment of a trustee or the dismissal of the case with prejudice.**

**NOTE:** **Any change in address must be reported to the Court immediately IN WRITING. Dismissal of your petition may otherwise result.**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

In re:                                                           :

                                                                 :   Chapter 11

NEW YORK NETWORK MANAGEMENT, L.L.C., :

                                                                 :   Case No. 18-_____ (___)

                              Debtor.                            :

---------------------------------------------------------------- x

## LIST OF CREDITORS WHO HAVE THE
## TWENTY (20) LARGEST UNSECURED CLAIMS AND ARE NOT INSIDERS

The above-captioned debtor (collectively, the "Debtor") hereby certifies that the *List of Creditors Who Have the Twenty (20) Largest Unsecured Claims and Are Not Insiders* submitted herewith contains the names and addresses of the Debtor's top twenty (20) unsecured creditors (the "Top 20 List"). The list has been prepared from the Debtor's unaudited books and records as of the date hereof. The Top 20 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtor's chapter 11 case. The Top 20 List does not include: (1) persons who come within the definition of an "insider" set forth in 11 U.S.C. § 101(31); or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the twenty (20) largest unsecured claims. The information presented in the Top 20 List shall not constitute an admission by, nor is it binding on, the Debtor. Moreover, nothing herein shall affect the Debtor's right to challenge the amount or characterization of any claim at a later date. The failure of the Debtor to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtor's right to contest the validity, priority, and/or amount of any such claim. The Debtor has twenty-eight (28) affiliated companies, twenty-one (21) of which have chapter 11 cases pending before this Court. There are over 4,000 creditors and parties in interest in the cases of the Debtor and its affiliates, and there may be potential for confusion and/or overlap regarding creditor obligations. Given the circumstances, the Debtor reserves all rights with respect to the Top 20 List.

**Fill in this information to identify the case:**

**Fill in this information to identify the case:**

Debtor Name  New York Network Management, L.L.C.

United States Bankruptcy Court for the: Eastern District of New York
(State)

Case number (*If known*):_____

Check if this is
an amended
filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes.
Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors,
unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Agulnick & Gogel, LLC | 8 Bond Street, Suite 303 Great Neck, New York 11021 Attn: William A. Gogel | Professional Services | | | | $24,451.06 |
| 2 | Devitt Spellman Barrett, LLP | 50 Route 111 Smithtown, New York 11787 Attn: Theodore D. Sklar | Litigation Claim | | | | $7,702.50 |
| 3 | Garfunkel Wild, PC | 111 Great Neck Road Great Neck, NY 11021 Phone: (516) 393-7702 | Professional Services | | | | $7,293.42 |
| 4 | Travelers | PO Box 660317 Dallas, TX 75266-0317 | Trade Debt | | | | $5,557.35 |
| 5 | Provider Assistants LLC | 1887 Main Street Suite 204 Washougal, WA 98671 Phone: (360) 954-5752 E-mail: Sonja@providerservicegroup.com | Trade Debt | | | | $3,750.00 |
| 6 | Early, Tom | 44 Ackley Court Malverne, NY 11565 Phone: (917) 301-5470 | Trade Debt | | | | $2,700.00 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7  WB Mason | PO Box 981101<br>Boston, MA 02298-1101 | Trade Debt | | | | $245.58 |

<div style="border:1px solid black; padding:10px;">

**Fill in this information to identify the case and this filing:**

Debtor Name <u>New York Network Management, L.L.C.</u>

United States Bankruptcy Court for the: <u>Eastern District of New York</u>
(State)

Case number (*If known*):_____

</div>

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐    *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐    *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐    *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐    *Schedule H: Codebtors (Official Form 206H)*

☐    *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐    *Amended Schedule _____*

☒    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the Twenty (20) Largest Unsecured Claims and Are Not Insiders (Official Form 204).*

☐    *Other document that requires a declaration _____*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___<u>07/05/2018</u>___
MM / DD / YYYY

✘<u>/s/ Timothy J. Dragelin</u>
Signature of individual signing on behalf of debtor

<u>Timothy J. Dragelin</u>
Printed name

<u>Chief Restructuring Officer</u>
Position or relationship to debtor

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x
In re:                                                    :
                                                          : Chapter 11
NEW YORK NETWORK MANAGEMENT, L.L.C., :
                                                          : Case No. 18-_____ (___)
                        Debtor.                           :
-------------------------------------------------------------- x

## CORPORATE OWNERSHIP AND
## E.D.N.Y. LOCAL BANKRUPTCY RULE 1073-3 STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, and Rule 1073-3 of the Local Bankruptcy Rules for the Eastern District of New York, the undersigned authorized officer of the Debtor certifies that the following corporate entities or individuals, other than a governmental unit, directly or indirectly own 10% or more of any class of the Debtor's equity interest.

| Shareholder | Percentage Ownership Interest |
|---|---|
| NYNM Acquisition, LLC<br>One Arin Park<br>1715 Route 35 North, Suite 303<br>Middletown, NJ 07748 | 100% |

Fill in this information to identify the case and this filing:

Debtor Name  New York Network Management, L.L.C.

United States Bankruptcy Court for the: Eastern District of New York
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐     *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐     *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐     *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐     *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐     *Schedule H: Codebtors (Official Form 206H)*

☐     *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐     *Amended Schedule* _____

☐     *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒     *Other document that requires a declaration* Corporate Ownership and E.D.N.Y. Local Bankruptcy Rule 1073-3 Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___07/05/2018___          ✖ */s/ Timothy J. Dragelin*_____
MM / DD / YYYY                           Signature of individual signing on behalf of debtor

                                         Timothy J. Dragelin_____
                                         Printed name

                                         Chief Restructuring Officer_____
                                         Position or relationship to debtor

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

In re:                                                :
                                                      : Chapter 11
NEW YORK NETWORK MANAGEMENT, L.L.C., :
                                                      : Case No. 18-_____ (___)
                          Debtor.                     :

------------------------------------------------------------ x

## <u>LIST OF EQUITY SECURITY HOLDERS</u>

Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(3), the above-captioned debtor hereby

provides the following list of holders of equity interests:

| Name and Address of Interest Holder | Percentage of Interests Held |
|---|---|
| NYNM Acquisition, LLC<br>One Arin Park<br>1715 Route 35 North, Suite 303<br>Middletown, NJ 07748 | 100% |

Fill in this information to identify the case and this filing:

Debtor Name  New York Network Management, L.L.C.

United States Bankruptcy Court for the: Eastern District of New York
                                                (State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐     *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐     *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐     *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐     *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐     *Schedule H: Codebtors (Official Form 206H)*

☐     *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐     *Amended Schedule* _____

☐     *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204).*

☒     *Other document that requires a declaration* List of Equity Security Holders _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___07/05/2018___          ✖ */s/ Timothy J. Dragelin* _____
                MM / DD / YYYY                Signature of individual signing on behalf of debtor

                                              Timothy J. Dragelin _____
                                              Printed name

                                              Chief Restructuring Officer _____
                                              Position or relationship to debtor

## ACTION BY WRITTEN CONSENT
## OF THE SOLE MEMBER AND MANAGER
## OF NEW YORK NETWORK MANAGEMENT, L.L.C.

July 5, 2018

Each of the undersigned, being the sole member (the "Sole Member") and the sole manager (the "Sole Manager") of New York Network Management, L.L.C., a New York limited liability company (the "Company"), acting pursuant to and authorized by § 402 of the New York Limited Liability Company Law and the Amended and Restated Operating Agreement of the Company, hereby adopts the following resolutions by written consent, directs that said resolutions be filed with the minutes of the proceedings of the Company, and agrees that said resolutions shall have the same force and effect as if they had been adopted at a duly convened meeting, effective as of the date set forth above:

### Approval of Chapter 11 Bankruptcy Filing

**WHEREAS**, the Sole Member and the Sole Manager considered the financial and operational conditions of the Company's business;

**WHEREAS**, the Sole Member and the Sole Manager reviewed the historical performance of the Company, the market for the Company's services, and the current and long-term liabilities of the Company;

**WHEREAS**, the Sole Member and the Sole Manager reviewed, considered, and received the recommendations and the advice of the Company's professionals and advisors with respect to potential avenues for relief that are available to the Company, including the possibility of pursuing a restructuring of the Company's business and assets under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that, in the business judgment of the Sole Member and the Sole Manager, after consideration of the alternatives presented and the advice of the Company's professionals and advisors that, at this time under the relevant circumstances, it is desirable and in the best interests of the Company, its creditors, equity holders, and other interested parties (as such consideration may be appropriate under applicable law) for a voluntary petition to be filed by the Company under the provisions of chapter 11 of the Bankruptcy Code; and it is

**FURTHER RESOLVED**, that the Company's petition seeking relief under the provisions of chapter 11 of the Bankruptcy Code (the "Petition") is approved in all respects and that Timothy J. Dragelin, sole manager of the Sole Member and Chief Restructuring Officer of the Company, and Frank Lazzara, the Sole Manager of the Company (collectively, the "Authorized Persons") be, and hereby are, authorized and directed, on behalf of and in the name of the Company, to execute the Petition or authorize the execution of the Petition and to cause the same to be filed with the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), at such time as the Authorized Persons deem appropriate, in

order to commence a case under chapter 11 of the Bankruptcy Code (the "<u>Chapter 11 Case</u>"); and it is

**FURTHER RESOLVED**, that the Authorized Persons be, and hereby are, authorized to execute and file the petition, schedules, lists, and other papers and to take any and all actions which they may deem necessary or proper in connection with the prosecution of the Chapter 11 Case and, in that connection, for the Authorized Persons to retain and employ all assistance, by legal counsel or otherwise, which they may deem necessary or proper in order to successfully prosecute the Chapter 11 Case; and it is

**FURTHER RESOLVED**, that the Authorized Persons be, and hereby are, authorized and directed to retain on behalf of the Company, upon such terms and conditions as the Authorized Persons shall approve, the following professionals to represent the Company in connection with the Chapter 11 Case:

- DLA Piper LLP (US), to render legal services to and to serve as bankruptcy counsel for the Company;

- Houlihan Lokey Capital, Inc., to serve as investment banker for the Company;

- FTI Consulting, Inc., to provide the Company a chief restructuring officer and certain additional personnel; and

- Epiq Bankruptcy Solutions, LLC to serve as claims and noticing agent for the Company; and it is

**FURTHER RESOLVED**, that the Authorized Persons be, and hereby are, authorized to retain on behalf of the Company other attorneys, investment bankers, accountants, restructuring professionals, financial advisors, and other professionals, upon such terms and conditions as the Authorized Persons shall approve, to render services to the Company in connection with the Chapter 11 Case or any related insolvency proceeding; and it is

**FURTHER RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Person to file the Petition or with respect to the Chapter 11 Case, any related insolvency proceeding, or in any matter related thereto, or by virtue of these resolutions be, and hereby are, in all respects ratified, confirmed, and approved; and it is

**FURTHER RESOLVED**, that the Authorized Persons be, and hereby are, authorized and directed, in the name of and on behalf of the Company, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered all such further agreements, documents, certificates, and undertakings and to incur all such fees and expenses as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions.

## Approval of Sale of Substantially All of the Company's Assets

**WHEREAS**, the Authorized Persons have determined that it is in the best interest of the Company and its estate to seek approval of a sale process (the "Sale Process") and a sale of all or substantially all of the Company's assets by the Bankruptcy Court;

**WHEREAS**, the Authorized Persons have determined that it is advisable and in the best interest of the Company to enter into and perform its obligations under that certain Asset Purchase Agreement, dated as of July 5, 2018, between the Company, as the seller, and HealthTek Solutions, LLC ("HealthTek"), as the buyer (the "APA"), pursuant to which the Company agrees to sell substantially all of its assets to HealthTek, subject to higher and better offers pursuant to the Sale Process; and

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that the form, terms and provisions of the APA, in substantially the form presented to the Authorized Persons, and each of the transactions or other matters contemplated thereby or related thereto, be and hereby are consented to, approved and adopted in all respects; and it is

**FURTHER RESOLVED**, that the Company be and hereby is authorized, empowered and directed to enter into, execute, deliver and perform its obligations under the APA; and it is

**FURTHER RESOLVED**, that the Authorized Persons be, and each of them hereby is, authorized, empowered and directed, for and on behalf of the Company, to execute and deliver the APA, schedules, exhibits, and other transaction documents, with such modifications, deletions and amendments thereto as the Authorized Person or Authorized Persons executing and delivering the same shall in his sole judgment deem necessary, proper, advisable or appropriate, such determination to be conclusively, but not exclusively, evidenced by the execution and delivery thereof; and it is

**FURTHER RESOLVED**, that any one of the Authorized Persons be, and each of hereby is, authorized, empowered and directed, for and on behalf of the Company, to take or cause to be taken any and all actions, to negotiate for and enter into agreements and amendments to agreements, to perform all such acts and things, to execute, file, deliver, dispatch or record in the name and on behalf of the Company, all such certificates, instruments, agreements, notices or other documents, and to make all such payments as she or he, in her or his sole judgment, or in the judgment of any one or more of them, may deem necessary, proper, advisable or appropriate in order to carry out the purpose and intent of, or consummate the transactions contemplated by, the foregoing resolutions and/or all of the transactions contemplated therein or thereby, the authorization therefore to be conclusively evidenced by the taking of such action or the execution and delivery of such certificates, instruments, agreements or documents; and it is

**FURTHER RESOLVED**, that the APA, when executed and delivered, shall be a valid obligation of and binding upon the Company in the form and content in which it is so executed, subject to the approval of the Bankruptcy Court; and it is

**FURTHER RESOLVED**, that any and all actions taken or expenses incurred by an Authorized Person prior to the date that the foregoing resolutions are actually adopted in affecting the purposes and intent of the foregoing resolutions are hereby ratified, confirmed, approved and adopted in all respects.

**[Signature Page Follows]**

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first written above.

**NYNM ACQUISTION, LLC**
as Sole Member of the Company

By: _____
Name: Timothy J. Dragelin
Title: Manager

**FRANK LAZZARA**
as Manager of the Company

By: _____
Name: Frank Lazzara
Title: Manager

*[Signature Page to Bankruptcy Resolutions]*

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first written above.

**NYNM ACQUISTION, LLC**
as Sole Member of the Company

By: _____
Name: Timothy J. Dragelin
Title: Manager

**FRANK LAZZARA**
as Manager of the Company

By: _____
Name: Frank Lazzara
Title: Manager

*[Signature Page to Bankruptcy Resolutions]*